ORIGINAL

FILED
NOV 28 2007
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims
## Bid Protest

| | | |
|---|---|---|
| LIBERTY FRUIT COMPANY, INC., | ) | |
| Plaintiff, | ) | 07-830 C |
| v. | ) | No. 07- C |
| | ) | Judge |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

POST-AWARD PROCUREMENT PROTEST COMPLAINT

Plaintiff Liberty Fruit Company, Incorporated, 1247 Argentine Boulevard, Kansas City, Kansas 66105-1508 (Liberty Fruit), a Missouri corporation, a small business, and a Kansas City produce distributor since 1965 (http://www.liberty-fruit.com/), as and for its Post-Award Procurement Protest Complaint against the Defendant, the United States, alleges as follows:

INTRODUCTION

1. This is a Post-Award Procurement Protest, a Civil Action alleging clear and prejudicial violations of Statute and Regulation in connection with a Federal Agency

Acquisition, Solicitation Number SPM300-06-R-0008, a Solicitation for Competitive Proposals which promises an Award, an Indefinite-Quantity Requirements-type Contract for a base term of eighteen months with three eighteen-month option periods, a Federal Agency Acquisition over which this Court has jurisdiction under 28 U.S.C. § 1491(a)(1) and 28 U.S.C. § 1491(b)(1).

The Solicitation is issued by the Defense Logistics Agency, Subsistence Supplier Operations, Defense Supply Center Philadelphia to satisfy requirements for the supply of Fresh Fruits and Vegetables to Department of Defense (DoD) Troop Issue customers and to non-DoD customers (Job Corps and U.S. Department of Agriculture-supported customers (schools and Indian Tribal Organizations)) in the Central Region, Missouri Zone.

This Civil Action is brought to obtain a Declaration that the Award to C & C Produce, Incorporated, 1100 Atlantic Avenue, North Kansas City, Missouri 64116-4139 (C & C Produce) of the Contract for the Central Region, Missouri Zone proposed by Solicitation Number SPM300-06-R-0008, an Award at an estimated six-year aggregate Market Basket Price of $7,789,247, lacks a rational basis and is unreasonable or irrational, and thus arbitrary and capricious because:

(1) the Award is made based on an Evaluation Factor not specified in the Solicitation, this on an assessment of warehouse temperature and humidity settings and how those settings are monitored, an assessment in violation of 10 U.S.C. § 2305(b)-(1) and Federal Acquisition Regulation 15.305(a) and 15.308; and

(2) the Award is made after discussions with Liberty Fruit prior to submission of Final Proposal Revisions that were affirmatively misleading in violation of Federal Acquisition Regulation 15.306(d); and

(3) the Award is made utilizing a Technical/Price Trade-Off source selection procedure in violation of 10 U.S.C. § 2305(b)(4)(C) and Federal Acquisition Regulation 15.101-1(c) because the evaluated Market Basket Price of Liberty Fruit is impermissibly overstated by reason of the Solicitation's requirement that Market Basket Delivered Prices be supported with a copy of a grower/supplier's invoice for each item in the Market Basket.

This Civil Action seeks further a Permanent Injunction ordering:

(a) that the Contract awarded to C & C Produce is terminated; and

(b) that the Solicitation is re-opened and that Competitive Range Offerors are given a limited opportunity to submit revised Distribution Prices; and

(c) that a new Source Selection is made on the revised Competitive Proposals, but this time only after there is, as promised in the Solicitation: (1) a Comparative assessment of all Unit Prices in the evaluated Market Baskets, and (2) a Risk assessment for Unit Prices based on analyzing the ratio of existing invoices to written quotes in each of the evaluated Market Baskets.

As well, this Civil Action seeks money damages and equitable relief for Defendant's breach of the implied-in-fact Contract to consider Liberty Fruit's Competitive Proposal fairly, honestly, and in good faith.

NATURE OF THE ACTION

2. Liberty Fruit here challenges the Award to C & C Produce on November 9th, 2007 of the Contract proposed by Solicitation Number SPM300-06-R-0008. This Award was made on the basis of a Technical/Price Trade-Off selection procedure to determine the supposed Best Overall Value. But this supposed Best Overall Value is: (1) decided on an unfavorable evaluation of Liberty Fruit's Technical Proposal based on an unstated Evaluation Factor; this on an assessment of warehouse temperature and humidity settings and how those settings are monitored; (2) is made only after Liberty Fruit had been given misleading discussions prior to submission of Final

Proposal Revisions, misleading discussions about Liberty Fruit's Market Basket pricing; and (3) is made based on a Trade-Off of an impermissibly overstated evaluated Market Basket Price for Liberty Fruit, this by reason of the Solicitation's requirement that Market Basket Delivered Prices be supported with a copy of a grower/supplier's invoice for each item in the Market Basket. As such, this unfavorable evaluation of Liberty Fruit's Technical Proposal and the resulting Best Overall Value determination is made in violation of procurement Statute and Regulation.

Liberty Fruit seeks a Declaration that the Award lacks a rational basis and is arbitrary and capricious in violation of applicable procurement Statute and Regulation.

Liberty Fruit seeks a Permanent Injunction ordering that the Contract awarded to C & C Produce is terminated.

Liberty Fruit seeks also a Permanent Injunction ordering (1) that the Solicitation is re-opened and that Competitive Range Offerors are given a limited opportunity to submit revised Distribution Prices; and (2) that a new Source Selection is made on the revised Competitive Proposals, but this time only after there is, as promised in the Solicitation: (a) a Comparative assessment of all Unit Prices in the

evaluated Market Baskets, and (b) a Risk assessment for Unit Prices based on analyzing the ratio of existing invoices to written quotes in each of the evaluated Market Baskets.

3. Liberty Fruit seeks a proper review of this Acquisition on the contemporaneous record, 5 U.S.C. § 706(2)(A), and meaningful relief for clear and prejudicial procurement process errors and clear errors of judgment.

4. Liberty Fruit, a responsible Contractor, a small business, a Kansas City produce distributor since 1965, and an actual Offeror whose revised Competitive Proposal is in the Competitive Range and in a position to receive Award of the proposed Contract, is an appropriate "interested party" under 28 U.S.C. § 1491(b)(1), and Liberty Fruit has a direct economic interest in the outcome of this Post-Award Procurement Protest. *Impreza Construzioni Geom. Domenico Garufi v. United States*, 238 F.3d 1324, 1334 (Fed. Cir. 2001).

Liberty Fruit is a proper party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(2)(B)(ii), i.e., Liberty Fruit is a private party and a closely-held Corporation which at the time this Post-Award Procurement Protest is filed has not more than 500 employees and whose net worth does not exceed $7,000,000.

This Post-Award Procurement Protest is timely filed. Liberty Fruit received on November 9th, 2007 written notice of this Award to C & C Produce. On November 15th, 2007 Liberty Fruit received an oral Debriefing provided in accordance with 10 U.S.C. § 2305(b)(5)(A). This Post-Award Procurement Protest is filed promptly after that oral Debriefing.

The Defense Logistics Agency is a Defense Agency within the Department of Defense, 10 U.S.C. § 101(a)(11); the Department of Defense is an Executive Department of the United States, 5 U.S.C. § 101; and the Defense Logistics Agency and its Defense Supply Center Philadelphia are instrumentalities of the United States. The Defense Logistics Agency and its Defense Supply Center Philadelphia is an "agency" just as that term is defined in 28 U.S.C. § 451, and thus the Defense Logistics Agency and its Defense Supply Center Philadelphia is also a "Federal agency" as is required by 28 U.S.C. § 1491(b)(1). *Bell BCI Company v. United States*, 56 Fed. Cl. 465, 469-70 (2003).

The Defense Logistics Agency and its Defense Supply Center Philadelphia's violations of procurement Statute and Regulation have had a direct and prejudicial effect on Liberty Fruit. Liberty Fruit has been denied a proper evaluation of its Com-

petitive Proposal, and Liberty Fruit has not received a reasoned judgment which can lawfully support the Award to C & C Produce.

As a result of the Defense Logistics Agency and its Defense Supply Center Philadelphia's breach of the implied-in-fact Contract of good faith, fair dealing, and honest consideration, Liberty Fruit is wasting proposal preparation costs. Ultimately, Liberty Fruit is being unfairly denied the opportunity to compete for the Award of the Contract for the Central Zone, Missouri Region proposed by Solicitation Number SPM300-06-R-0008.

## FACTUAL ALLEGATIONS

SOLICITATION NUMBER SPM300-06-R-0008

5. Solicitation Number SPM300-06-R-0008 was issued on July 24th, 2006. This Acquisition seeks Competitive Proposals on DoD requirements for the supply of Fresh Fruits and Vegetables to DoD Troop Issue customers and to non-DoD customers (Job Corps and U.S. Department of Agriculture-supported customers (schools and Indian Tribal Organizations)) in the Central Region, Missouri Zone. The Solicitation proposes an Indefinite-Quantity Requirements-type Contract for a base term of eighteen months with three eighteen-month option periods.

The Contract proposed by the Solicitation requires a Unit Price based on addition of (1) the Delivered Price at the Contractor's warehouse paid by the Contractor to a grower/supplier and (2) the Distribution Price, a firm fixed-price charged by the Contractor for delivery F.O.B. destination to DoD customers. DoD Troop Issue customers generally receive three deliveries a week and non-DoD customers generally receive one delivery a week. Orders from DoD Troop Issue customers and from non-DoD customers are transmitted to Defense Supply Center Philadelphia utilizing a Government web-based ordering system; Defense Supply Center Philadelphia routes these Orders to the Contractor. Orders are placed against electronic catalogs; the Contractor is required to maintain a fill rate per Order not less than ninety-eight percent without substitutions.

6. Offerors are required to submit their Competitive Proposals in two separate volumes: a Technical Proposal and a Business Proposal. The Technical Proposal is to be evaluated for Technical capability and adjectivally rated as "Excellent," "Good," "Fair," or "Poor." The Business Proposal is to be evaluated for Price realism and reasonableness. There are page limits for the Technical Proposal.

7. There are four announced Technical Factors for assessment of the Technical Proposals: Quality Assurance/Product Quality, Past Performance/Corporate Experience, Distribution Plan, and Defense Logistics Agency Mentoring Business Agreements. These four announced Technical Factors are listed above in descending order of importance. There are three announced Sub-Factors for the Quality Assurance/Product Quality Technical Factor and in descending order of importance these three announced Sub-Factors are warehouse quality (as determined by independent warehouse audits), inventory turnover ratio, and temperature and humidity controls (discussion of different temperature and humidity settings in the warehouse and how these settings are monitored). There is a one-page limit for the discussion in the Technical Proposal of the temperature and humidity controls Sub-Factor under the Quality Assurance/Product Quality Technical Factor.

8. Price is to be evaluated based on a Market Basket submitted with the Business Proposal. The Market Basket consists of fifty items selected by Defense Supply Center Philadelphia. Each item in the Market Basket is to be priced and each Unit Price is to consist of the addition of the Delivered Price and the Distribution Price. Delivered Prices in the Market Basket must be substantiated with a copy of the grower/supplier's in-

voice for each item in the Market Basket. A written quote from a grower/supplier will be accepted instead, *but only if there is not an existing invoice from a grower/supplier.* The Solicitation promises that "unit prices of all items found in the market basket will be comparatively assessed to identify any unusually high or low priced items." There is to be a Risk assessment for Unit Prices based on analyzing the ratio of existing invoices to written quotes in the evaluated Market Baskets.

9. Technical Factors, when combined, are significantly more important than Price. But as Competitive Proposals "become more equal in their technical merit, the evaluated price becomes more important."

LIBERTY FRUIT'S COMPETITIVE PROPOSAL AND DISCUSSIONS

10. Liberty Fruit submitted its initial Competitive Proposal on October 5th, 2006. On August 13th, 2007 Defense Supply Center Philadelphia initiated continued Discussions with Liberty Fruit, these prior to the submission of Final Proposal Revisions. Defense Supply Center Philadelphia then told Liberty Fruit that Liberty Fruit's Market Basket Unit Prices were "OK," and Liberty Fruit thus did not thereafter adjust the Distribution Price set out in Liberty Fruit's Market Basket.

11. Liberty Fruit is supplying Fresh Fruits and Vegetables for Troop Issue at Fort Leonard Wood, Missouri. Fort Leonard Wood requires the delivery of premium apples. Apples are not less than 4.8 percent of the total Market Basket Price for the Central Region, Missouri Zone. As required by the Solicitation Liberty Fruit supports its Delivered Price for apples in the Market Basket for the Central Region, Missouri Zone, with grower/supplier invoices for the premium apples required by Fort Leonard Wood. Fort Leonard Wood is a DoD Troop Issue customer in the Central Region, Missouri Zone.

CONTRACT AWARD

12. On November 9th, 2007 Liberty Fruit was notified that the Contract proposed by Solicitation Number SPM300-06-R-0008 has been awarded to C & C Produce. On information and belief C & C Produce has supported its Delivered Prices for apples in the evaluated Market Basket for the Central Region, Missouri Zone, only with written quotes from grower/suppliers of apples, and these written quotes offered by C & C Produce to support its Delivered Prices are not for the premium apples required at Fort Leonard Wood.

On information and belief the Technical/Price Trade-Off source selection procedure which supports this Award is made without a Comparative assessment "to identify any unusually high or low priced items" in the evaluated Market Baskets and without a Risk assessment for Price based on analyzing the ratio of existing invoices to written quotes in the evaluated Market Baskets.

THE ORAL DEBRIEFING

13. Liberty Fruit received an oral Debriefing on November 15th, 2007. Liberty Fruit's Market Basket Price was evaluated at $8,298,962, only 6.1 percent higher than the evaluated Market Basket Price of $7,789,247 for C & C Produce. Not less than 4.8 percent of this difference in evaluated Market Basket Prices is attributable to the higher Delivered Prices for the premium apples required at Fort Leonard Wood.

14. Liberty Fruit received only a "Fair" assessment on the temperature and humidity controls Sub-Factor under the Quality Assurance/Product Quality Technical Factor and this only because Liberty Fruit did not include in its Technical Proposal a one-page discussion of the temperature and humidity controls for each of the fifty items in the evaluated Market Basket. A requirement for such a discussion in the Technical Proposal is not an identified Evaluation Factor.

FIRST CLAIM FOR RELIEF

15. Liberty Fruit herewith incorporates and re-alleges paragraphs numbers 1. through 14. hereinabove as if fully set forth herein.

16. The Award to C & C Produce is made based on an Evaluation Factor not specified in the Solicitation, this on an assessment of warehouse temperature and humidity settings and how those settings are monitored, an assessment made in violation of 10 U.S.C. § 2305(b)(1) and Federal Acquisition Regulation 15.305(a) and 15.308.

SECOND CLAIM FOR RELIEF

17. Liberty Fruit herewith incorporates and re-alleges paragraphs numbers 1. through 14. hereinabove as if fully set forth herein.

18. The Award to C & C Produce is made based on Price and this after discussions with Liberty Fruit prior to submission of Final Proposal Revisions that were affirmatively misleading in violation of Federal Acquisition Regulation 15.306(d).

THIRD CLAIM FOR RELIEF

19. Liberty Fruit herewith incorporates and re-alleges paragraphs numbers 1. through 14. hereinabove as if fully set forth herein.

20. The Award to C & C Produce is made utilizing a Technical/Price Trade-Off source selection procedure in violation of 10 U.S.C. § 2305(b)(4)(C) and Federal Acquisition Regulation 15.101-1(c) because the evaluated Market Basket Price of Liberty Fruit is impermissibly overstated by reason of the Solicitation's requirement that Market Basket Delivered Prices be supported with a copy of a grower/supplier's invoice for each item in the evaluated Market Basket.

FOURTH CLAIM FOR RELIEF

21. Liberty Fruit herewith incorporates and re-alleges paragraphs numbers 1. through 14. hereinabove as if fully set forth herein.

22. Defense Logistics Agency and its Defense Supply Center Philadelphia have breached the implied-in-fact Contract of good faith, fair dealing, and honest consideration that Defense Logistics Agency and its Defense Supply Center Philadelphia entered into with Liberty Fruit when the Competition under Solicitation Number SPM300-06-R-0008 commenced.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Liberty Fruit respectfully requests the Court to grant Judgment for Liberty Fruit in this Civil Action, and to Order the following relief:

1. a Declaration that the Award to C & C Produce under the Contract proposed by Solicitation Number SPM300-06-R-0008 lacks a rational basis and is unreasonable or irrational, and thus arbitrary and capricious; and

2. a Permanent Injunction ordering that the Contract awarded to C & C Produce is terminated; and

3. a Permanent Injunction ordering that the Solicitation is re-opened and that Competitive Range Offerors are given a limited opportunity to submit revised Distribution Prices; and

4. a Permanent Injunction ordering that a new Source Selection is made on the revised Competitive Proposals, but this time only after there is, as promised in the Solicitation: (a) a Comparative assessment of all Unit Prices in the evaluated Market Baskets, and (b) a Risk assessment for Unit Prices based on analyzing the ratio of existing invoices to written quotes in each of the evaluated Market Baskets.

5. a Declaration that Liberty Fruit is entitled to equitable relief, and money damages, for Defense Logistics Agency and its Defense Supply Center Philadelphia's breach of the implied-in-fact Contract of good faith, fair dealing, and honest consideration that Defense Logistics Agency and its Defense Supply Center Philadelphia entered into with Liberty Fruit when the Competition under Solicitation Number SPM300-06-R-0008 commenced; and

6. such further and other relief as the Court may deem just and proper.

Respectfully submitted,

Cyrus E. Phillips, IV
District of Columbia Bar Number 456500,
Virginia State Bar Number 03135

November 28th, 2007
1828 L Street, N.W., Suite 660
Washington, D.C. 20036-5112

| | |
|---|---|
| Telephone: | (202) 466-7008 |
| Facsimile: | (202) 466-7009 |
| Mobile: | (703) 819-5944 |
| Electronic Mail: | lawyer@procurement-lawyer.com |

Attorney of record for Plaintiff,
Liberty Fruit Company, Incorporated