# In the United States Court of Federal Claims

| | | |
|---|---|---|
| **LIBERTY FRUIT COMPANY, INC.** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **BID PROTEST**<br>**No. 07-830C**<br>**Judge Robert H. Hodges, Jr.** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

## APPLICATION FOR ACCESS TO INFORMATION UNDER PROTECTIVE ORDER BY OUTSIDE COUNSEL

1. I, Cyrus E. Phillips, IV, hereby apply for access to protected information covered by the Protective Order issued in connection with this proceeding.

2. I am an attorney in private practice, and have been retained to represent Liberty Fruit Company, Incorporated, Kansas City, Kansas, a party to this proceeding.

3. I am a member of the bar of the United States Court of Federal Claims (the court).

4. My professional relationship with the party I represent in this proceeding and its personnel is strictly one of legal counsel. I am not involved in competitive decision making as discussed in *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984), for or on behalf of the party I represent, any entity that is an interested party to this proceeding, or any other firm that might gain a competitive advantage from access to the information disclosed under the Protective Order. I do not pro-

vide advice or participate in any decisions of such parties in matters involving similar or corresponding information about a competitor. This means that I do not, for example, provide advice concerning or participate in decisions about marketing or advertising strategies, product research and development, product design, or competitive structuring and composition of bids, offers, or proposals with respect to which the use of protected information could provide a competitive advantage.

5. I identify here (by writing "none" or listing names and relevant circumstances) those attorneys in my firm who, to the best of my knowledge, cannot make the same representations set forth in the preceding paragraph:

NONE

6. I identify here (by writing "none" or listing names, position, and responsibilities) any member of my immediate family who is an officer or holds a management position with an interested party in the proceeding or with any other firm that might gain a competitive advantage from access to the information disclosed under the Protective Order:

NONE

7. I identify here (by writing "none" or identifying the name of the forum, case number, date, and circumstances) instances in which I have been denied admission to a protective order, or had admission revoked, or been found to have violated a protective order issued by any administrative or judicial tribunal:

SEE ATTACHMENT

9. I have read the Protective Order issued by the court in this proceeding. I will comply in all respects with that order and will abide by its terms and conditions in handling any protected information produced in connection with the proceeding.

10. I acknowledge that any violation of the terms of the Protective Order may result in the imposition of such sanctions as may be deemed appropriate by the court and in possible civil and criminal liability.

CERTIFICATION:

By my signature, I certify that, to the best of my knowledge, the representations set forth above (including any attached statements) are true and correct.

/s/ Cyrus E. Phillips, IV
Signature

December 5th, 2007
Date Executed

Cyrus E. Phillips, IV, Owner
Typed Name and Title

(202) 466-7008
Telephone Number

(202) 466-7009
Facsimile Number

ATTACHMENT

In the spring of 2005, I represented the Agency Tender Official in a challenge to an A-76 Performance Decision by the Federal Aviation Administration that out-sourced the Automated Flight Service Station function to private industry. The challenge was before the Federal Aviation Administration's Office of Dispute Resolution for Acquisition as GSBCA 16614-FAA and ODRA Docket 05-ODRA-00342C. Another challenge to the same A-76 Performance Decision, this one by the employee union, the National Association of Air Traffic Specialists, was before the Federal Aviation Administration's Office of Dispute Resolution for Acquisition as ODRA Docket 05-ODRA-00343C.

The Federal Aviation Administration's Office of Dispute Resolution for Acquisition entered a Protective Order, and the parties conducted depositions of members of the evaluation team. Several of these depositions concerned the effect on other evaluators of the antics of one evaluator. As a result of these depositions, I filed a supplemental challenge to the A-76 Performance Decision and in this supplemental challenge I quoted deposition testimony.

We exchanged among the parties (the Agency Tender Official and his teaming partner, Harris Corporation; the employee union; three private parties (including the Awardee); and the Federal Aviation Administration) redacted copies of all filings. Prior to late April 2005, I had made redactions to my filings by electronically deleting redacted text, virtually printing the file to a .PDF copy, and then exchanging the .PDF document. This caused the redacted document to be formatted (and appear) different from the unredacted document. I agreed to the request of outside counsel for the Awardee to make redactions by changing the color of redacted text to white, and then virtually printing the file to a .PDF copy. This preserved the formatting of the redacted document, and the redacted text was not visible in the .PDF copy.

It turned out, however, that the white text was still within the .PDF copy, and that the white text could be discerned if the text file that overlay the image file in the .PDF copy was downloaded from the .PDF copy separately. Late one afternoon, I was called by outside counsel for the National Association of Air Traffic Specialists, and he told me that two Air Traffic Specialists at an Automated Flight Service

Station in New England had been able to see the text that we thought had been redacted. He had sworn these two people to secrecy, but we did not then understand the problem. I came in to my Office twice that night, and once I understood that the problem was with the .PDF copy, not with unauthorized access to my systems, I corrected the .PDF copies by physically printing paper copies of the .PDF copies, and then scanning these paper copies back into .PDF copies.

The next morning, I resigned from the Protective Order, leaving outside counsel for Harris Corporation to represent the team formed by the Agency Tender Official and Harris Corporation. There was still a problem, however, in that Google had cached copies of the .PDF files which contained white text that could be discerned by the method I have described. It took several days before I could manipulate my Web materials such that Google deleted these cached copies. I was later ordered to surrender all protected materials, and these I forwarded, as ordered, to outside counsel for Harris Corporation. Because I no longer have these documents, the narrative in this Attachment is based only on my best recollection.

I installed commercial off-the-shelf software, Redax® 4.0, for an earlier version of Adobe Acrobat Professional and now Adobe Acrobat Professional 8 solves this problem without the need for add-on software. And I learned that the problem was not then uncommon—Attachment 1 is an article that I have reprinted from the Internet that explains just how the same thing happened (at about the same time) to the Department of the Army when it published a redacted .PDF copy that turned out could be manipulated to reveal redacted text.

On July 30, 1998 I was Admonished by the United States General Accounting Office for disclosing protected information without first obtaining consent from the Department of Energy to do so. By the terms of the Admonishment, I was required to disclose the Admonishment for a period of 5 years, through July 30th, 2003, and to provide a copy of the Admonishment letter with every Protective Order Application. I complied faithfully with these conditions.

The Admonishment letter is self-explanatory. It is Attachment 2 to this Protective Order Application.

# ATTACHMENT 1

>PDFzone
The online authority for PDF and document management professionals
ZIFF DAVIS INTERNET
SEARCH: GO





# U.S. Military's PDF Fiasco Was Avoidable

By David Coursey

**May 3, 2005**

**Opinion: Reporters uncovered blacked-out text in a PDF document and found classified information about the shooting of an Italian intelligence agent in Iraq. With the right software, the leak could have been prevented.**

When I first heard **on the radio** that secret information had been found hidden in a document given to media by the U.S. military in Iraq, my first thought was Microsoft Word.

Most people don't realize how much information Word (along with PowerPoint and Excel) stores with your document, including previous versions and some changes. But the culprit was Adobe Acrobat, not Microsoft Word. Reporters found they could remove the black from blacked-out areas of the PDF document and read the text underneath.

Apparently, someone in the military thought he could redact the document just by blacking out the text he wanted to keep secret. But if you open the document in Adobe Acrobat, the original text is easily uncovered, as the Army found out—presumably to its horror since the information included "rules of engagement" never publicly released and useful to enemies planning attacks.

The mistake was understandable. The security in Adobe Acrobat is somewhat confusing, even misleading. You can keep people from opening a document, or copying, or printing. You might therefore think you could keep people from changing the document as well. But you'd be wrong.

And I would have been too if you'd asked me before I researched this a few months ago. I was building a form and wanted to make it easily available but still prevent changes from being made to it. For a program that is promoted as a publishing tool, you'd think its output files could be locked against changes.

I can easily imagine someone making such a mistake and believing it possible to lock the layers of the Acrobat document so the layer with the blackouts couldn't be lifted away from the layer with the text.

"We don't market or sell Acrobat as a redaction tool," an Adobe spokesperson told me when I called to inquire.

He referred me to a company called **Appligent,** which offers an Acrobat plug-in specifically for redaction of information in government and court documents.

The plug-in is called Redax and is available in two versions, regular and "lite," which sell for $349 and $199, respectively. Both do the same thing, as described in a product data sheet provided by Appligent:

"Redax completely and securely removes information that you select for redaction. It parses the document, physically deletes the selected information, and generates a new redacted document. The deleted information cannot be recovered, because the redacted file is created without it."

**Special Report**




**PDF/X Toolbox**
Know it, love it, use it. PDF/X is a subset of PDF, and it's the standard presses use for your print jobs. Our ongoing special report focuses on tools to help you do your job better.

**Special Report**



**PDF Conversion Central**
Convert anything and everything to PDf and back again. Word docs, RSS, AutoCAD and more.

**BUYER'S GUIDES**

- Content management
- Document management
- PDF creation
- PDF conversion
- PDF Developer Tools
- Digital Rights Management
- Enterprise Content Mgmt
- Index & Search

View all >

**FREE NEWSLETTERS**
**Subscribe Now for Free E-Mail Updates**

Make your selections:
☐ PDF World Update
☐ PDFzone Buyer's Guide

ADVERTISEMENT

**ONLINE CLASSIFIEDS**

- **Announcing The 64 Second Film Contest. Enter Today**
  A 64-second film on the subject of "waitlessness" will land one of you in Hollywood. Don't wait to create. Entries in The 64 ...
- **Announcing The 64 Second Film Contest. Enter Today**
  A 64-second film on the subject of "waitlessness" will land one of you in Hollywood. Don't wait to create. Entries in The 64 ...
- **Full Sail School of Digital Arts**
  Get a Digital Arts degree from Full Sail. Learn Graphic Design, Digital Publishing, Multimedia Authoring, Web Development and ...
- **Adobe tutorials for graphics enthusiasts.**
  Total Training produces high quality, award-winning video tutorials to get you up to speed fast. Visual people learn more vis ...
- **Maps in Adobe Illustrator Vector Format**
  World, continents, countries, states, and city maps in Adobe Illustrator vector format. All fully editable and Royalty Free. ...

**Click here to read more about Redax.**

The problem with the file released by the Army was that the redacted information was still very much left inside the document. Redax could have solved that.

Normally, redacted documents are delivered in paper form in order to avoid a mistake like this. But the Army was trying to do the right thing in this case: make the report on the killing of an Italian intelligence officer by U.S. troops available electronically so journalists wouldn't have to travel in Baghdad, making themselves potential targets for insurgents.

**Next Page: There are ways to remove unwanted information.**

**1** | 2 next >

Print Email

**Add** PDFzone - Utilities - The online authority for PDF and Adobe Acrobat Professionals to your **RSS newsreader** or **My Yahoo!**

ADVERTISEMENT marketplace Ads By Google

- Try free PDF Transformer
  **One step PDF conversion. Convert PDF to Word, Excel, HTML**
  **www.abbyyusa.com**
- Convert PDF to Word
  **PDF to DOC Format - easy to use! Free Download - Try it Now**
  **www.verypdf.com**
- Convert PDF to Word
  **Convert PDF documents to Word Free 15 day trial download**
  **www.solidpdf.com**
- PDF Writer -Free Download
  **Create PDF's from any application. EZ to use, Quality output, Save!**
  **www.docudesk.com**
- Conversion Software
  **Automatic File / Document Converter pdf, xls, doc, ppt, htm, txt, csv**
  **www.mindleads.com**

**FREE ZIFF DAVIS MEDIA ESEMINARS AT ESEMINARSLIVE.COM**

- **Oct. 10, 12 p.m. ET**
  **Taking Control of Branch Office IT** with Frank Derfler. *Sponsored by Tacit Networks*
- **Oct. 12, 2 p.m. ET**
  **Migration Paths Best Traveled: Move on Over and Save** with Michael Krieger. *Sponsored by Unisys*
- **Oct. 12, 4 p.m. ET**
  **Beyond a Better Server: The Future of Blade Infrastructure Solutions** with Michael Krieger. *Sponsored by HP*
- **Oct. 13, 2 p.m. ET**
  **Dual-Core Desktop PCs** with *PC Magazine* Lab's Rich Fisco.

**On-Demand eSeminars**

- **Managing Legacy and Leading Edge Communication Products – Eliminating Dead Ends and Accessing New Benefits** with Aaron Goldberg. *Sponsored by AVST*
- **Better Network Management: Benefiting from Industry Consolidation** with Frank Derfler. *Sponsored by CA*
- **Winning the War on Spam** with Michael Krieger. *Sponsored by Symantec*
- **Getting the Best Email Security for the Lowest Cost** with Frank Derfler. *Sponsored by MailFrontier*

**Register Now!**

Enter email address:

Select email format:
HTML SUBMIT

**Newsletter Help >**

**UTILITIES**

- *10.18.2005*
  **Digest: Utility Warrior, Universe Software**
- *10.13.2005*
  **Utility of the Day: PDF Creator 1.0**
- *10.11.2005*
  **Utility of the Day: PDF SpeedUp 1.42**

View All >

**CAREER CENTER**

**Search more than 60,000 tech jobs. Search by keywords, skill, job title and location.**

Powered by Dice

**DRM**

- *3.31.2004*
  **ISO digital rights mgmt. spec gets huge backing**
- *2.25.2004*
  **Digital Music Forum announces lineup**
- *5.22.2003*
  **Edge Dynamics: Identify and eliminate unauthorized transactions**

View All >

PDFzone
The online authority for PDF and document management professionals

ZIFF DAVIS INTERNET

SEARCH: GO

Authoring | Utilities | Content Management | Document Management | Mobile | DRM | Other Formats | Tips | Discussions

Wednesday, October 19, 2005

My Account | Sign In Not a member? Join now

Home > Utilities > U.S. Military's PDF Fiasco Was Avoidable

# U.S. Military's PDF Fiasco Was Avoidable

Acrobat is not, by the way, a bad tool for removing hidden information from Microsoft documents. It does that just fine, since it takes printer output and converts it into a PDF document.

Microsoft also has a tool in Office 2003, which I believe was delivered with an Office Service Pack that will remove some hidden information. In Word, visit Tools>Options>Security and look at the available Privacy options. You should also search Help on "remove hidden" and read the results.

While Adobe doesn't market Acrobat as a redaction tool, it's easy to imagine people using it that way. My hope is that the company will improve the security available in future releases to make it possible to lock down all changes to documents—though I suppose a crafty programmer could still find the data hidden below a blackout.

So to protect secret information, the Army (and the rest of us) need to understand the software we use, educate users, and—for future use—invest in copies of Redax.

< prev 1 | 2

Print Email

**Add** PDFzone - Utilities - The online authority for PDF and Adobe Acrobat Professionals to your **RSS newsreader** or **My Yahoo!**

ADVERTISEMENT marketplace Ads By Google

- **Document Management Guide**
  **This free overview helps you learn document management basics.**
  **www.Laserfiche.com**
- **eDrawer $499.95 3 User**
  **$799.95 Unlimited User Professional Over 10 Thousand Users To Date**
  **www.edrawer.com**
- **Try free PDF Transformer**
  **One step PDF conversion. Convert PDF to Word, Excel, HTML**
  **www.abbyyusa.com**
- **Document Management**
  **Quota, track, count and report user printing with Print Manager Plus.**
  **www.softwareshelf.com**
- **Document Management**
  **Never Lose a File Again - Try Google in a Box for Your Intranet!**
  **www.google.com/enterprise**

**FREE ZIFF DAVIS MEDIA ESEMINARS AT ESEMINARSLIVE.COM**

**Special Report**



**PDF/X Toolbox**

Know it, love it, use it. PDF/X is a subset of PDF, and it's the standard presses use for your print jobs. Our ongoing special report focuses on tools to help you do your job better.

**Special Report**



**PDF Conversion Central**

Convert anything and everything to PDf and back again. Word docs, RSS, AutoCAD and more.

**BUYER'S GUIDES**

- **Content management**
- **Document management**
- **PDF creation**
- **PDF conversion**
- **PDF Developer Tools**
- **Digital Rights Management**
- **Enterprise Content Mgmt**
- **Index & Search**

View all >

**FREE NEWSLETTERS**

**Subscribe Now for Free E-Mail Updates**

Make your selections:

☐ PDF World Update

☐ PDFzone Buyer's Guide

ADVERTISEMENT

**ONLINE CLASSIFIEDS**

- **Announcing The 64 Second Film Contest. Enter Today**
  A 64-second film on the subject of "waitlessness" will land one of you in Hollywood. Don't wait to create. Entries in The 64 ...
- **Announcing The 64 Second Film Contest. Enter Today**
  A 64-second film on the subject of "waitlessness" will land one of you in Hollywood. Don't wait to create. Entries in The 64 ...
- **Full Sail School of Digital Arts**
  Get a Digital Arts degree from Full Sail. Learn Graphic Design, Digital Publishing, Multimedia Authoring, Web Development and ...
- **Adobe tutorials for graphics enthusiasts.**
  Total Training produces high quality, award-winning video tutorials to get you up to speed fast. Visual people learn more vis ...
- **Maps in Adobe Illustrator Vector Format**
  World, continents, countries, states, and city maps in Adobe Illustrator vector format. All fully editable and Royalty Free. ...

# ATTACHMENT 2

GAO United States
General Accounting Office
Washington, D.C. 20548

Office of the General Counsel

B-277801.3

July 30, 1998

Cyrus E. Phillips, IV, Esq.
Kilcullen, Wilson and Kilcullen
1800 K Street, NW, Suite 300
Washington, DC 20036

Dear Mr. Phillips:

On February 10, 1998, our Office issued a protective order in connection with Advanced Data Concepts, Inc.'s (ADC) protest of the award of a contract to DynCorp EENSP, Inc., d/b/a DynMeridian under request for proposals No. DE-RP01-97NN50008, issued by the Department of Energy (DOE) for technical, analytical, and administrative services for DOE's Office of Declassification. As counsel for ADC, you were admitted to the protective order and pursuant to that order, were provided copies of protected documents, including DOE's evaluation materials.

By letter dated April 1, counsel for DOE alleged that you had improperly disclosed information covered by the protective order to Mr. James A. Rivera, President of ADC. This individual was not admitted to the protective order. DOE claims that when it contacted you about this matter, you confirmed that you had been the source of the disclosure, and explained that the information in question was such a "little" matter that you did not believe it was necessary to raise the issue with DOE first.

You explained to our Office, by letter also dated April 1, that upon receiving the agency report and learning that none of the DOE references had returned the past performance questionnaires covering ADC's past experience,[1] you telephoned the president of ADC to ask if he was aware of this fact. You also conceded that this information was not included in the redacted version of the agency report. Specifically, you claimed that this information should not have been protected, and explained that it was necessary to disclose this information to your client to ascertain if DOE had revealed it during the debriefing, so that you might determine if the issue could be timely raised as a supplemental ground for protest by ADC.

[1]Although this information was redacted from the agency report, DOE agreed to its release in our decision denying the protest.

Our protective order–which in your request for admission you certified to having read, and to which you agreed to be bound–specifically provides that no materials covered by it may be released to individuals not admitted to the protective order. As you know, when a party admitted to a protective order believes that certain information was improperly marked as protected, that party may request that the protective marking be deleted so that the information is releasable. If the parties fail to reach agreement, they may request that our Office review the matter and determine whether the information was properly marked as protected. Until the protective marking has been deleted, whether by agreement of the parties or through a determination of our Office, the material remains protected and cannot be released to individuals not admitted to the protective order. This process was followed in this very protest, when–at your request–our Office intervened to resolve a dispute about the release of certain information in the awardee's proposal.

We strongly disagree with your apparent position that some information is too insignificant to invoke the process described above. Also, the fact that, in your view, the information was not particularly sensitive, and has since been released by the agency, does not excuse your conduct. If a party simply determines on its own that information marked as protected can nevertheless be released to persons not admitted to the protective order, the protections afforded by the protective order will become meaningless. In addition, such unilateral action undercuts the trust required for agencies and private parties to make available the sensitive and valuable information necessary to decide these cases. Your unilateral decision to determine that information clearly marked by the agency as protected could be revealed to your client was a violation of the clear terms of the order.

By this letter, you are admonished to take greater care with protected materials in the future. For 5 years from the date of this letter, you must indicate on any application for admission to a protective order issued by our Office that you have been admonished for violating a protective order, and you must provide a copy of this letter with your application.

Sincerely yours,

Robert P. Murphy

Robert P. Murphy
General Counsel

cc: Gena E. Cadieux, Esq.
U.S. Department of Energy

Stuart I. Young, Esq.
DynCorp